IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IOSIF CUC,<br><br>            Plaintiff,<br><br>     v.<br><br>SUSAN CURDA, District Director of the United States Citizenship and Immigration Services, Sacramento District Office; ERIC H. HOLDER, JR., United States Attorney General; JANET NAPOLITANO, Secretary of the Department of Homeland Security; ALEJANDRO MAYORKAS, Director of the United States Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; ROBERT MUELLER, Director of the Federal Bureau of Investigations; FEDERAL BUREAU OF INVESTIGATIONS,<br><br>            Defendants.<br>_____ | 2:10-cv-03354-GEB-EFB<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) ORDER |

        An order issued on April 4, 2011, which continued the status conference in this case to June 13, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. (ECF No. 9, 2:7-10.) No status report was filed as ordered.

        Therefore, the parties are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on June 17, 2011, why sanctions should not be imposed against them and/or their counsel under

Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether the parties or their counsel are at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on July 18, 2011, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

    IT IS SO ORDERED.

Dated: June 8, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).